UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MONTREAL D. GREER,

    Plaintiff,

v.                                                            Case No. 25-cv-139-bhl

SGT. ANDREW POLASKI, et al.,

    Defendants.

## SCREENING ORDER

Plaintiff Montreal D. Greer, who is currently serving a state prison sentence at the Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Greer's motion for leave to proceed without prepayment of the filing fee and to screen the complaint. Dkt. Nos. 1 & 4.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Greer requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). Dkt. No. 4. On March 3, 2025, the Court waived the initial partial filing fee because Greer's trust account statement showed that he neither had the assets nor means to pay. Dkt. Nos. 6 & 7. In that order, the Court gave Greer the opportunity to voluntarily dismiss the case, within 30 days of the date of the order, to avoid the possibility of incurring a strike under 28 U.S.C. §1915(g). *Id*. at 3. The deadline has passed and Greer did not voluntarily dismiss this case. Therefore, the Court will grant the motion for leave to proceed without prepayment of the filing fee. Greer must still pay the filing fee in full in the manner described at the end of this order.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

At the relevant time, Greer was a pre-trial detainee at the Racine County Jail. Dkt. No. 1 at 1. Defendants are Sgt. Andrew Polaski and John Does #1-4. *Id*. at 1-2. On January 29, 2022, Sgt. Polaski and John Does #1-4 were ordered to place Greer in a restraint chair. *Id*. at 2. According to Greer, they used unnecessary force when doing so and caused substantial pain. *Id*. Even though Greer was partially restrained at the time, they deployed a taser in his back and struck him multiple times on his rear upper right side. *Id*. Greer states that he never resisted during the interaction and was not in a position where he could have stood up, run away, struck anyone, or grab anyone. *Id*. Greer believes that Sgt. Andrew Polaski and John Does #1-4 were trying to cause pain and hurt him for no reason. *Id*. For relief, he seeks monetary damages. *Id*. at 3.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

The Fourteenth Amendment applies to excessive force claims brought by pre-trial detainees. *Hardeman v. Curran*, 933 F.3d 816, 822 (7th Cir. 2019). To state a claim, Greer must allege that the force purposely or knowingly used against him was "objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). Objective reasonableness turns on the facts and circumstances of the particular case. *Id*. at 397. The Court considers the relationship between the need for the use of force and the amount of force used; the extent of the injury; any effort made by the officers to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officers; and whether Greer was actively resisting. *Id*. Additionally, the Court "must take account of the legitimate interests in managing a

3

jail, acknowledging as part of the objective reasonableness analysis that deference to policies and practices needed to maintain order and institutional security is appropriate." *Id*. at 399-400.

Greer alleges that, on January 29, 2022, Sgt. Andrew Polaski and John Does #1-4 used a taser on him even though he was partially restrained and struck him multiple times even though he was restrained in a manner that prevented him from standing up, running, striking, or grabbing anyone. Based on these allegations, the Court can reasonably infer that Sgt. Andrew Polaski and John Does #1-4 may have used objectively unreasonable force. Therefore, Greer may proceed on a Fourteenth Amendment excessive force claim against Sgt. Polaski and John Does #1-4 in connection with the January 29, 2022 incident at the Racine County Jail.[1]

## Conclusion

The Court finds that Greer may proceed on a Fourteenth Amendment excessive force claim against Sgt. Polaski and John Does #1-4 in connection with the January 29, 2022 incident at the Racine County Jail.

**IT IS THEREFORE ORDERED** that Greer's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Sgt. Polaski pursuant to Federal Rule of Civil Procedure 4. Greer is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma*

---

[1] The Court notes that Greer has filed three other lawsuits in this district where videotape evidence at summary judgment revealed that the allegations in his complaint were unquestionably false. *See Greer v. Morris et al.,* case no. 23-cv-1580-bhl, Dkt. Nos. 26 & 35; *see Greer v. Sams*, case no. 23-cv-1617-bhl, Dkt. Nos. 28 & 33; and *see Greer v. Hesthaven*, case no. 23-cv-1618-bhl, Dkt. Nos. 28 & 37. Greer is warned that he is subject to sanctions under §1915(g) for filing a malicious lawsuit, if videotape evidence in this case also reveals that the allegations in his complaint are unquestionably false and intended to harass correctional staff.

*pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Sgt. Polaski shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of the complaint and this order be sent to the administrator of the Racine County Jail, as well as to the Racine County Sheriff, and the Racine County Corporation Counsel.

**IT IS FURTHER ORDERED** that the agency having custody of Greer shall collect from his institution trust account the **$350.00** balance of the filing fee by collecting monthly payments from Greer's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Greer is transferred to another institution, the transferring institution shall forward a copy of this Order along with Greer's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Greer is located.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Greer is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Greer may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on April 18, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge