UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MONTREAL D. GREER,

      Plaintiff,

      v.                                 Case No. 25-cv-139-bhl

SGT. ANDREW POLASKI, et al.,

      Defendants.

---

## DECISION AND ORDER

---

Plaintiff Montreal D. Greer, who is representing himself, is proceeding on a Fourteenth Amendment claim in connection with an excessive force incident at the Racine County Jail on January 29, 2022. Dkt. Nos. 1 & 8. Discovery closed October 14, 2025; and dispositive motions are due November 14, 2025. Dkt. No. 13. On October 3, 2025, the Court denied Greer's motion to amend the complaint to add a claim of defamation of character and slander. Dkt. No. 20. The Court noted that Greer had not attached a proposed amended complaint to his motion, as required by Civil Local Rule 15(b), and even if he had, the Court would not exercise supplemental jurisdiction over the state law claims because the facts required to prove a Fourteenth Amendment excessive force claim are completely different from the facts required to prove a state law defamation and slander claim. *Id*. The Court explained that, although there may be a few over-lapping facts between state and federal claims, that does not mean that the claims are "so related" that they form part of the same case or controversy under 28 U.S.C. §1367(a). *Id*.

On October 14, 2025, Greer filed a second motion to amend the complaint to add a claim of defamation of character and slander, along with a proposed amended complaint. Dkt. No. 22.

The addition of the proposed amended complaint does not change the Court's analysis. A Fourteenth Amendment excessive force claim and a state law claim for defamation and slander are not "so related" that they form part of the same case or controversy under 28 U.S.C. §1367(a). The Court will therefore deny Greer's second motion to amend the complaint.

Greer also filed a motion to compel discovery responses from Defendants. Dkt. No. 21. This motion will also be denied. Under Civil Local Rule 37, a party filing a motion to compel must make good faith efforts to meet and confer with the opposing party to resolve the discovery dispute *before* filing the motion to compel. *See* Civ. L. R. 37 (E.D. Wis.). The motion "must be accompanied by a written certification" of good faith and "must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." *Id*. Greer has not certified or otherwise indicated that he made good faith attempts to meet and confer with Defense counsel prior to filing his motion to compel. His motion to compel is therefore denied as premature.

**IT IS HEREBY ORDERED** that Greer's second motion to amend the complaint (Dkt. No. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Greer's motion to compel (Dkt. No. 21) is **DENIED**.

Dated at Milwaukee, Wisconsin on October 15, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

2